IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

    Plaintiff,

v.

BORN-N-RAISED, INC., and TIMOTHY R. CHAVEZ,

    Defendants.

_____

ORDER
_____

    This case is before me on Plaintiff's Motion to Extend the Date to File Response to Motion to Dismiss and Response to Motion for Summary Judgment and to File an Amended Complaint to Add Claim for Exemplary Damages [Doc # 24]. After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion as moot.

    This action arises out of an automobile accident that occurred on March 19, 2009 in Durango, Colorado. Plaintiff's Complaint asserts a negligence claim against Defendant Timothy R. Chavez ("Chavez"), the driver of the vehicle that struck Plaintiff's vehicle; a negligence claim against Defendant Born-N-Raised ("BNR"), Defendant Chavez's employer; and a claim for punitive damages against both Defendants.

    On August 13, 2012, Defendants filed a motion to dismiss Plaintiff's claim for punitive damages pursuant to C.R.S. §13-21-102 which precludes such claims in the initial claim for relief and case law that has applied this statute to federal court cases. *See* Doc # 17. Also on August 13, 2012, Defendant BNR filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law on both of Plaintiff's claims against it because Defendant Chavez was not acting in the course and scope of his employment with BNR at the time of the accident. *See* Doc # 18. Plaintiff seeks an extension of time to respond to both of Defendants' dispositive motions.

Plaintiff argues that he needs additional time to respond to Defendant BNR's motion for summary judgement so he can obtain pertinent business records of BNR and cites a related motion to compel.  This motion to compel has since been ruled on and all authorized discovery was ordered to be provided to Plaintiff by September 11, 2012. Thus, Plaintiff's stated reason for needing additional time to respond to Defendant BNR's motion for summary judgment is now moot.

Plaintiff argues that he needs additional time to respond to Defendants' motion to dismiss so he can obtain additional evidence to support his claim for punitive damages.  Plaintiff has since filed a motion to amend his Complaint to add a new claim for punitive damages.  I construe this motion as an admission by Plaintiff that the claim for punitive damages currently set forth in his Complaint is deficient and grant Defendants' Motion to Dismiss as confessed.  I will address the merits of Plaintiff's Motion for Leave To Amend Complaint to Add Claim for Expemplary Damages [Doc # 27] once it is fully briefed, and nothing in this Order shall preclude Defendants from filing a new motion to dismiss the amended claim if it is accepted for filing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Extend the Date to File Response to Motion to Dismiss and Response to Motion for Summary Judgment and to File an Amended Complaint to Add Claim for Exemplary Damages [Doc # 24] is DENIED as moot;

2. Plaintiff shall file a response to Defendant BNR's Motion for Summary Judgment [Doc # 18] on or before October 18, 2012; and

3. Defendant's Motion to Dismiss [Doc # 17] is GRANTED as confessed, and Plaintiff's claim for punitive damages is DISMISSED WITHOUT PREJUDICE.

Dated: September   28  , 2012 in Denver, Colorado.

BY THE COURT:

  s/ Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE