IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

     Plaintiff,

v.

BORN-N-RAISED, INC., and TIMOTHY R. CHAVEZ,

     Defendants.

_____

# ORDER
_____

     This case is before me on Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Exemplary Damages [Doc # 27].  After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion.

     This action arises out of an automobile accident that occurred on March 19, 2009 in Durango, Colorado.  Plaintiff's Complaint initially asserted a claim for punitive damages against both Defendants but that claim was dismissed as confessed pursuant to C.R.S. §13-21-102 which precludes such claims in the initial claim for relief.  Plaintiff now seeks to add a new claim for punitive damages now that the parties have exchanged initial disclosures.  Plaintiff asserts that there is sufficient evidence to establish a prima facie case of outrageous or willful and wanton conduct by Defendant Timothy R. Chavez ("Chavez"), the driver of the vehicle that struck Plaintiff's vehicle.

Section 13-21-102(1)(b), C.R.S., defines "willful and wanton conduct" as "conduct purposely committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the right and safety of others, particularly the plaintiff." "Outrageous conduct" is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Destefano v. Grabian,* 763 P.2d 275, 286 (Colo. 1988) (internal quotations and citations omitted).

To establish a prima facie case of outrageous or willful and wanton conduct by Chavez, Plaintiff cites Chavez's admission to his insurance company that he did not see a stop sign and therefore did not stop; Chavez's inconsistent answers to Plaintiff's interrogatories wherein he claimed that he did stop at the stop sign; and Plaintiff's belief that Chavez was traveling in excess of 30 m.p.h. at the time of the accident.

Leave to amend may be denied on the basis that the proposed amendment would be futile. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). An amendment is futile "when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman for Bauchman v. West High School,* 132 F.3d 543, 562 (10th Cir. 1997). Based on the evidence and argument presently before me, I conclude that Plaintiff has failed to demonstrate that he has a viable claim against Defendants for punitive damages based on Chavez's outrageous or wanton and willful conduct.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Exemplary Damages [Doc # 27] is DENIED.

Dated: October __16__, 2012 in Denver, Colorado.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE