IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

     Plaintiff,

v.

TIMOTHY R. CHAVEZ,

     Defendant.

---

## ORDER

---

    This case is before me on Plaintiff's Motion for Leave to File Dispositive Motion  [Doc # 83].  By the motion, Plaintiff seeks to file a motion for summary judgment on the issue of Defendant's liability for the underlying automobile accident out of time.  After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion.

    The deadline for the filing of dispositive motions in this case was May 15, 2013, and Plaintiff did not request an extension of time to file a dispositive motion prior to that date. Under these circumstances, Plaintiff may be granted leave to file a dispositive motion out of time for good cause if Plaintiff's failure to meet the deadline was the result of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

    Although Plaintiff's motion  references expert witness depositions taken in close proximity to the dispositive motions deadline, the actual evidence on which Plaintiff intends to rely was known to Plaintiff well prior to that time.  Specifically, Plaintiff asserts that he intends to rely on statements given by Defendant to his insurer's agent on the date of the accident, the

citation issued to Defendant, Defendant's plea of no contest, the accident report, and physical evidence from the scene of the accident.  Plaintiff offer no explanation as to why he did not previously file a dispositive motion based on this evidence or seek to extend the deadline for doing so.  Plaintiff has therefore failed to demonstrate excusable neglect for allowing him to file a dispositive motion out of time.

In addition, Plaintiff has failed to demonstrate that the summary judgment motion he seeks to file is meritorious.  To the contrary, I conclude that Plaintiff has little to no chance of prevailing on his proposed motion.  First, Plaintiff seeks to predicate the motion, in part, on evidence that is inadmissible. *See* C.R.S. § 42-4-1713 ("... no record of the conviction of any person for any violation of [Article 4 of the Uniform Motor Vehicle Law] shall be admissible as evidence in any court in any civil action."); Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.").  Second, Defendant intends to counter any motion for summary judgment on liability with contradictory expert opinion and testimony sufficient to create material factual issues.  Plaintiff has therefore likewise failed to demonstrate good cause for allowing him to file a dispositive motion out of time.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Dispositive Motion  [Doc # 83] is DENIED.

Dated: June   13  , 2013 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE