IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

    Plaintiff,

v.

TIMOTHY R. CHAVEZ,

    Defendant.

_____

ORDER
_____

    This case is before me on Defendant's Motion to Strike Plaintiff's Untimely Disclosures Pursuant to Fed. R. Civ. P. 37(c) [Doc # 155]. After consideration of the motion, all related pleadings, and the case file, I grant Defendant's motion.

## I. Background

    This action arises out of an automobile accident that occurred on March 19, 2009 in Durango, Colorado. Plaintiff's Complaint asserts a negligence claim against Defendant for causing the accident, and liability, causation, and damages are disputed. The initial discovery cutoff date in this case was set for January 13, 2013 [Doc # 13]. On joint motion by the parties, this date was extended to May 15, 2013 [Doc # 73]. Plaintiff did not seek any further extensions of the discovery cutoff date.

    The subject of Defendant's motion to strike are (1) a July 9, 2013 supplemental report from Dr. Robert Cowan that was provided to Defendant with Plaintiff's 20th Supplemental Disclosures dated July 15, 2013 and (2) Plaintiff's identification of four additional witnesses in

his 23rd Supplemental Disclosures dated October 1, 2013. None of these disclosures were included in the parties May 14, 2013 Proposed Pretrial Order, and the time for objection set forth in Fed. R. Civ. P. 26(a)(3)(B) is therefore inapplicable. *See* D.C. Colo. LCivR 26.1B ("The tendering of a proposed final pretrial order ... shall satisfy the requirement of Fed. R.Civ.P. 26(a)(3) that pretrial disclosures be filed with the court").

## II. Legal Standard

Under Rule 26(e)(1)(A), a party must supplement its disclosures under Rule 26(a) "in a timely manner if the party learns in some material respect the disclosure or response is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other party during the discover process or in writing." "If a party fails to disclose information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

It is in my discretion to determine whether a violation of Rule 26 was substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). In making this determination, I consider "(1) The prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995).

## II.  Analysis

### A.  Dr. Cowan's Supplemental Report

Dr. Cowan's Supplemental Report lists a number of documents that he reviewed "in [his] original evaluation" and states that he performed a second review of the records.  Dr. Cowan cites notes from a November 21, 2011 neurological examination of Plaintiff that is listed with the documents that he originally reviewed and opines that this examination reflects "anxiety symptoms."

There can be no question that all of the information contained in Dr. Cowan's July 9, 2013 Supplemental Report could have been disclosed well prior to the discovery cutoff date of May 15, 2013 and that Defendant will be prejudiced by even further delay and expenses in this case which has already had its original trial date of July 8, 2013 vacated.  This report is therefore stricken, and Plaintiff may not present any new information it contains as evidence at trial.

### B.  Additional Witnesses Identified by Plaintiff

#### 1.  Dr. Roussel Clement

On his 23rd Supplemental Disclosures, Plaintiff stated that "[he] is being treated by Roussel Clement, M.D." with no supporting records or description of the treatment being provided.  Apparently, Dr. Clement did not begin treating Plaintiff until after the discovery cutoff date following the death of his previous treating physician.  These circumstances demonstrate the problems created by protracted litigation such as this case.

Although Plaintiff may have been substantially justified by the timing of his disclosure of Dr. Clement, Defendant is prejudiced by it particularly in light of the lack of information provided with this disclosure or since.  Plaintiff has indicated that he does not intend to call Dr.

Clement as a witness at trial. Under these circumstances, I conclude that the interests of this case are best served by striking Dr. Clement as a witness and barring Plaintiff from introducing evidence regarding his treatment at trial.

### 2. Laura Bourque and Janice Pelissier

Plaintiff asserts that these witnesses are relatives of his who began helping with his care after the discovery cutoff. Plaintiff does not specify either in his disclosures or his response to the motion what type of help they are providing or exactly when they began to do so. Thus, Plaintiff has not satisfied his burden of establishing substantial justification for failure to disclose these witnesses prior to October 1, 2013.

Even if Plaintiff may have been substantially justified by the timing of his disclosure of these witnesses, Defendant is prejudiced by it since the discovery cutoff date has passed and there is no good cause to extend it as required by Rule 16(b). I therefore conclude that the interests of this case are best served by striking these witnesses and barring Plaintiff from introducing evidence regarding their care of him at trial.

### 3. Julie Barnes-Romero

Plaintiff asserts that Ms. Barnes-Romero is the only eyewitness to the accident and that he began trying to locate her after receiving dispatch records from the Durango Police department in which she was identified on May 9, 2013. This timeline fails to explain why Plaintiff failed to disclose Ms. Barnes-Romero as a potential witness prior to May 15, 2013 or why he failed do so until almost 5 months after he first discovered her identity. Thus, Plaintiff has not satisfied his burden of establishing substantial justification for his failure to timely disclose Ms. Barnes–Romero as a potential witnesses. Although Defendant received the same

dispatch records on May 9, 2013, I conclude that was insufficient notice to Defendant that Plaintiff could seek to elicit her testimony at trial.

I further conclude that Defendant is prejudiced by the late disclosure of Ms. Barnes-Romero as a potential witness since the discovery cutoff date has passed and there is no good cause to extend it as required by Rule 16(b). I therefore conclude that the interests of this case are best served by striking Ms. Barnes-Romero as a potential witness and barring Plaintiff from introducing evidence regarding her observations of the accident at trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Strike Plaintiff's Untimely Disclosures Pursuant to Fed. R. Civ. P. 37(c) [Doc # 155] is GRANTED;

2. Dr. Robert Cowan's July 9, 2013 supplemental report is STRICKEN, and Plaintiff is barred from presenting any new information it contains at trial;

3. Plaintiff's disclosure of Dr. Roussel Clement, Laura Borurque, Janice Pelissier, and Julie Barnes-Romero as potential witnesses is STRICKEN and Plaintiff is barred from calling these witnesses at trial; and

4. This case shall be re-set for trial following the parties' forthcoming settlement conference with the magistrate judge.

Dated: May __9__, 2014 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE