IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

    Plaintiff,

v.

TIMOTHY R. CHAVEZ,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Conference on Discovery Dispute** [#197] (the "Motion").[1]

    This lawsuit was filed in January of 2012. [#1]. The undersigned has informed Plaintiff's counsel of my procedures for resolving discovery disputes on numerous occasions. *See, e.g., Minute Order* [#21]. The substance of my procedures has not changed; an updated copy of them is attached to this Minute Order. Nevertheless, Plaintiff's counsel continues to ignore my procedures by filing discovery-related motions, like the one at issue. Moreover, Plaintiff's counsel continues to seek relief that does not fall within the realm of discovery and that cannot be ordered by the Court. As we discussed during the Final Pretrial Conference held on June 26, 2014 [#190], the Court cannot compel a party to stipulate to the authenticity of exhibits. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#197] is **DENIED**. Plaintiff must address issues relating to the authenticity of exhibits by conferral with defense counsel or at trial, <u>but not through a discovery motion</u>. To the extent that Plaintiff wishes to address preservation depositions, counsel must follow these steps: (1) confer in writing with opposing counsel about the identities of the deponents whose testimony must be preserved, the amount of time needed for each deposition, and proposed dates and times

---

[1] "[#197]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Minute Order. The Court may rule on a motion at any time. D.C.COLO.LCivR 7.1(d).

for the depositions; (2) attempt to resolve any disagreements about such depositions with opposing counsel; and (3) if disagreements cannot be resolved, <u>follow the attached procedures to obtain a discovery hearing with the Court.</u>

      IT IS FURTHER **ORDERED** that an attorney who is found not to have conferred in good faith or to have caused or exacerbated unnecessary discovery disputes will be sanctioned by the Court.

      Dated:  October 29, 2014