IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-00172-LTB-KLM

TROY R. ARRINGTON, II,

    Plaintiff,

v.

TIMOTHY R. CHAVEZ,

    Defendant.

___

ORDER
___

    This case is before me on Defendant's Motion to Review Taxation of Costs [Doc # 252]. By the motion, Defendant seeks to have the $2,790.44 in costs awarded to him increased to $21,687.63. After consideration of the motion, all related pleadings, and the case file, I grant Defendant's motion in part and deny it in part.

    The additional costs sought by Defendant can be broken down into the following categories: (1) discovery costs related to Plaintiff's claimed damages; (2) travel costs of Defendant's counsel for depositions; and (3) costs incurred after Defendant's June 30, 2014 Offer of Judgment.

**I. Discovery Costs Related to Plaintiff's Claimed Damages**

    In the Final Pretrial Order dated June 24, 2014, Plaintiff claimed total damages in the excess of $5.6 million including past and future medical expenses and lost wages. *See* Doc #190. A few months later, I *sua sponte* ordered that the case be bifurcated with the issue of liability to be tried first followed by a trial on the issue of damages if necessary. *See* Doc # 195.

Following a three-day trial, the jury returned a verdict for Defendant on the issue of liability rendering it unnecessary to try the issue of damages. *See* Doc #237.

As used in Fed. R. Civ. P. 54(d), the term "costs" awardable to the prevailing party include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4).

Prior to June 24, 2014, the parties naturally presumed that the issues of liability and damages would be tried together. Given the significant amount of damages claimed by Plaintiff, transcripts of depositions of witnesses with knowledge on this issue, all but one of whom was listed as a "will call" witness by Plaintiff in the Final Pretrial Order, were "necessarily obtained for use in the case." Defendant is therefore entitled to recover an additional $898.62 in transcript costs. Copies of Plaintiff's medical records were also relevant to the significant amount of damages claimed by Plaintiff and likewise "necessarily obtained for use in the case." Defendant is therefore entitled to recover $2,404.60 in copying costs associated with Plaintiff's alleged damages. All of these costs are documented in the attachments to Defendant's Amended Proposed Bill of Costs. *See* Doc # 245.

Also included in the attachments to Defendant's Amended Proposed Bill of Costs are documents purportedly reflecting costs for color copies in the amount of $22.22. The clerk disallowed these claimed "fees and disbursements for printing" on the basis that there was no substantiating documentation. These documents do not appear to be invoices, and I agree that Defendant failed to adequately substantiate these costs.

## II. Travel Costs of Defendant's Counsel for Depositions

Defendant seeks to recover $1,112.75 for airfare, car rental, food, parking, and lodging incurred in connection with depositions in Durango.  I am not persuaded that these costs were necessary, reasonable, or authorized under 28 U.S.C. § 1920 and affirm the clerk's denial of their recovery by Defendant.

## III. Costs Incurred after Defendant's June 30, 2014 Offer of Judgment

Defendant argues that he should be able to recover expert witness fees in the amount of $14,459 pursuant to C.R.S. §13-17-202(1)(a)(II) & (b) because these fees were incurred after his June 30, 2014 Offer of Judgment.  Section 13-17-202(1)(a)(II) & (b) allows for the recovery of "actual costs," including reasonable expert witness fees, by the defendant when the plaintiff does not recover a final judgment in excess of the defendant's offer of settlement.

In support of his recovery of expert witness fees under C.R.S. §13-17-202(1)(a)(II), Defendant cites *Garcia v. Wal-Mart Stores, Inc.,* 209 F.3d 1170 (10th Cir. 2000), wherein the Tenth Circuit recognized that this cost-shifting state statute may be applicable in federal diversity cases.  However, the Tenth Circuit also recognized in *Garcia* that a federal district court must award a plaintiff "actual costs" under this statute "to the extent they .. are not preempted by a federal statute such as 28 U.S.C. § 1821..." *Id.* at 1178-79.  Section 1821, 28 U.S.C., along with 28 U.S.C. § 1920 and Fed. R. Civ. P. 54, "'comprehensively addess[es] the taxation of fees for litigants' witnesses,' effectively preempting state law on such fees." *Id.* at 1177 n. 5 *(quoting Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987)).  The precise nature of the "actual costs" claimed in *Garcia* was indeterminable so the Tenth Circuit left it up to the district court to apply C.R.S. §13-17-202 in conjunction with relevant federal law

to the particular costs claimed. *Id.* at 1178 n. 9. Here, since Defendant seeks solely to recover expert witness fees pursuant to §13-17-202(1)(a)(II), his request is preempted by Fed. R. Civ. P. 54 and 28 U.S.C. §§ 1821 and 1920.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Review Taxation of Costs [Doc # 252] is GRANTED IN PART and DENIED IN PART;

2. Defendant shall be awarded additional costs in the amount of $3,303.22 for a total cost award in the amount of $6,093.66 to be taxed against Plaintiff.

Dated: April __28__, 2015 in Denver, Colorado.

                                      BY THE COURT:

                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE